1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone: (213) 430-3400
    Facsimile: (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                 SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA        )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND   )
20  PRODUCTS LIABILITY LITIGATION    )   CASE NO. 3:08-cv-1746-CRB
    _____ )
    This document relates to         )
21                                   )   **PFIZER INC., PHARMACIA**
    MARY BASILISCO, et al.,          )   **CORPORATION, AND G.D.**
22                                   )   **SEARLE, LLC'S ANSWER TO**
              Plaintiffs,            )   **COMPLAINT**
23                                   )
         vs.                         )   **JURY DEMAND ENDORSED**
24                                   )   **HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION, )
25  MONSANTO COMPANY, and G.D. SEARLE )
    LLC,                             )
26                                   )
              Defendants.            )
27  _____ )
                                     )
28

-1-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC   ("Searle") (collectively "Defendants"), and file this

4   Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5   follows:

6                                          **I.**

7                          **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10  Defendants may seek leave to amend this Answer when discovery reveals the specific time

11  periods in which Plaintiffs were prescribed and used Bextra®.

12                                          **II.**

13                                      **ANSWER**

14                 **Response to Allegations Regarding Parties**

15  1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

24  _____

25  [1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known
    as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933
26  Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag
    Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its
27  name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and
    does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that
28  Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS'
    COMPLAINT at ¶ 9, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will
    respond to the allegations directed at Monsanto Company.

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Complaint.

2   6.      Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

4   Defendants are without knowledge or information sufficient to form a belief as to the truth of

5   the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and,

6   therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

7   Complaint.

8   7.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

9   business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

10  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

11  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

12  Bextra® in the United States, including California, to be prescribed by healthcare providers

13  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

14  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

15  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

16  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  8.      Defendants admit that Searle is a Delaware limited liability company with its principal

19  place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

20  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

21  and distributed Bextra® in the United States to be prescribed by healthcare providers who are

22  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23  deny the remaining allegations in this paragraph of the Complaint.

24  9.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933

25  Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

26  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

27  to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

28  was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged
2    in the agricultural business and does not and has not ever manufactured, marketed, sold, or
3    distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle
4    or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold,
5    or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party
6    in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.
7    Defendants state that the response to this paragraph of the Complaint regarding Monsanto is
8    incorporated by reference into Defendants' responses to each and every paragraph of the
9    Complaint referring to Monsanto and/or Defendants.

10    10.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of
11    business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia
12    marketed and co-promoted Bextra® in the United States, including California, to be prescribed
13    by healthcare providers who are by law authorized to prescribe drugs in accordance with their
14    approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in
15    interest" are vague and ambiguous.  Defendants are without knowledge or information to form
16    a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the
17    remaining allegations in this Paragraph of the Complaint.

18                  **Response to Allegations Regarding Jurisdiction and Venue**

19    11.    Defendants are without knowledge or information to form a belief as to the truth of the
20    allegations in this paragraph of the Complaint regarding the amount in controversy, and,
21    therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount
22    in controversy exceeds $75,000, exclusive of interests and costs.

23    12.    Defendants are without knowledge or information sufficient to form a belief as to the
24    truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and
25    the amount in controversy, and, therefore, deny the same.  However, Defendants admit that
26    Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,
27    exclusive of interests and costs.

28    13.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

2   which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

3   committing a tort in the States of Michigan, Maryland, South Carolina, and California, and

4   deny the remaining allegations in this paragraph of the Complaint.

5   14.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11  accordance with their approval by the FDA.   Defendants admit that they provided FDA-

12  approved prescribing information regarding Bextra®.  Defendants admit that they do business

13  in the State of California.  Defendants state that Plaintiffs' allegations regarding "predecessors

14  in interest" are vague and ambiguous.  Defendants are without knowledge or information to

15  form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny

16  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17  **Response to Allegations Regarding Interdistrict Assignment**

18  15.   Defendants state that this paragraph of the Complaint contains legal contentions to

19  which no response is required.  To the extent that a response is deemed required, Defendants

20  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21  And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the

22  Judicial Panel on Multidistrict Litigation on September 6, 2005.

23  **Response to Factual Allegations**

24  16.   Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used

26  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

27  Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

28  paragraph of the Complaint.

17.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

18.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny remaining the allegations in this paragraph of the Complaint.

18.    Answering the second Paragraph 18 of the Complaint, Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

form a belief as to the truth of such allegations and, therefore, deny the same.

21.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24.     Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.     Plaintiffs do not allege having used Celebrex® in this Complaint.   Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

2  directed toward Defendants and, therefore, no response is required.  To the extent a response is

3  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

4  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

5  therefore lack sufficient information or knowledge to form a belief as to the truth of such

6  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  26.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

9  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

10  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

11  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

12  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

13  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

14  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

15  this paragraph of the Complaint.

16  27.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

17  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

18  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

19  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

20  allegations in this paragraph of the Complaint.

21  28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

22  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

23  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

24  the remaining allegations in this paragraph of the Complaint.

25  29.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

26  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

27  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

28  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   prescribing information.  Defendants state that the potential effects of Bextra® were and are

2   adequately described in its FDA-approved prescribing information, which at all times was

3   adequate and comported with applicable standards of care and law.  Defendants deny the

4   remaining allegations in this paragraph of the Complaint.

5   30.     Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which at all times was adequate and comported with applicable standards of care and law.

9   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

11  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

12  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

13  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

14  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

15  with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding

16  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

17  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  31.     Defendants state that the referenced article speaks for itself and respectfully refer the

21  Court to the article for its actual language and text.  Any attempt to characterize the article is

22  denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  32.     The allegations in this paragraph of the Complaint are not directed towards Defendants

26  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

27  state that the referenced article speaks for itself and respectfully refer the Court to the article for

28  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

1    the remaining allegations in this paragraph of the Complaint.

2    33.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

3    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

4    16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this

5    paragraph of the Complaint.

6    34.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which at all times was adequate and comported with applicable standards of care and law.

10   Defendants deny the allegations in this paragraph of the Complaint.

11   35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

12   respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

13   characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

14   paragraph of the Complaint.

15   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

16   Court to the article for its actual language and text.  Any attempt to characterize the article is

17   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   37.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

19   approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

20   sufficient information to confirm or deny such allegations and, therefore, deny the same.

21   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

22   the study for its actual language and text.  Any attempt to characterize the study is denied.

23   Defendants deny the remaining allegations in this paragraph of the Complaint.

24   38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

25   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

26   state that the referenced article speaks for itself and respectfully refer the Court to the article for

27   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

28   the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

39.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

43.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

46.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants deny the allegations in this paragraph of the Complaint.

51.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

3  effective when used in accordance with its FDA-approved prescribing information.  Defendants

4  state that the potential effects of Bextra® were and are adequately described in its FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendants are without knowledge or information

7  sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

8  Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

9  allegations in this paragraph of the Complaint.

10  52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information. Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which at all times was adequate and comported with applicable standards of care and law.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    57.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information. Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   58.    Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information. Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   59.    Defendants deny the allegations in this paragraph of the Complaint.

18   60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

19   as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations

20   contained in this paragraph of the Complaint.

21   61.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information. Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

26   allegations in this paragraph of the Complaint.

27   62.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants
2   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,
3   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to
4   be prescribed by healthcare providers who are by law authorized to prescribe drugs in
5   accordance with their approval by the FDA.  Defendants admit, as indicated in the package
6   insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and
7   symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of
8   primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining
9   allegations in this paragraph of the Complaint.

10  67.    Defendants state that Bextra® was and is safe and effective when used in accordance
11  with its FDA-approved prescribing information.  Defendants state that the potential effects of
12  Bextra® were and are adequately described in its FDA-approved prescribing information,
13  which was at all times adequate and comported with applicable standards of care and law.
14  Defendants are without knowledge or information sufficient to form a belief as to the truth of
15  the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.
16  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®
17  caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the
18  Complaint.

19  68.    Defendants state that Bextra® was and is safe and effective when used in accordance
20  with its FDA-approved prescribing information.  Defendants state that the potential effects of
21  Bextra® were and are adequately described in its FDA-approved prescribing information,
22  which was at all times adequate and comported with applicable standards of care and law.
23  Defendants are without knowledge or information sufficient to form a belief as to the truth of
24  the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.
25  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and
26  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of
27  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny
28  that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the

1    remaining allegations in this paragraph of the Complaint.

2                    **Response to First Cause of Action: Negligence**

3    69.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    70.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is deemed required.    To the extent a response is deemed required,

7    Defendants admit that they had duties as are imposed by law but deny having breached such

8    duties.  Defendants state that the potential effects of Bextra® were and are adequately described

9    in its FDA-approved prescribing information, which was at all times adequate and comported

10   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   deny the remaining allegations in this paragraph of the Complaint.

13   71.    Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is deemed required.    To the extent a response is deemed required,

15   Defendants admit that they had duties as are imposed by law but deny having breached such

16   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

18   this paragraph of the Complaint.

19   72.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is required.  To the extent that a response is deemed required, Defendants

21   admit that they had duties as are imposed by law but deny having breached such duties.

22   Defendants state that Bextra® was and is safe and effective when used in accordance with its

23   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24   were and are adequately described in its FDA-approved prescribing information, which was at

25   all times adequate and comported with applicable standards of care and law.  Defendants deny

26   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

27   including all subparts.

28   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 same. Defendants admit that Bextra® was expected to reach consumers without substantial

2 change in the condition from the time of sale. Defendants state that Bextra® was and is safe

3 and effective when used in accordance with its FDA-approved prescribing information.

4 Defendants state that the potential effects of Bextra® were and are adequately described in its

5 FDA-approved prescribing information, which was at all times adequate and comported with

6 applicable standards of care and law. Defendants admit that, during certain periods of time,

7 Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

8 by healthcare providers who are by law authorized to prescribe drugs in accordance with their

9 approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was

10 manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

11 distributed Bextra® in the United States to be prescribed by healthcare providers who are by

12 law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

13 deny the remaining allegations in this paragraph of the Complaint.

14     81.    Defendants state that Bextra® was and is safe and effective when used in accordance

15 with its FDA-approved prescribing information. Defendants state that the potential effects of

16 Bextra® were and are adequately described in its FDA-approved prescribing information,

17 which was at all times adequate and comported with applicable standards of care and law.

18 Defendants deny the allegations in this paragraph of the Complaint.

19     82.    Defendants state that Bextra® was and is safe and effective when used in accordance

20 with its FDA-approved prescribing information. Defendants state that the potential effects of

21 Bextra® were and are adequately described in its FDA-approved prescribing information,

22 which was at all times adequate and comported with applicable standards of care and law.

23 Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

24 allegations in this paragraph of the Complaint.

25     83.    Defendants state that this paragraph of the Complaint contains legal contentions to

26 which no response is deemed required. To the extent a response is deemed required,

27 Defendants state that Bextra® was and is safe and effective when used in accordance with its

28 FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

1   were and are adequately described in its FDA-approved prescribing information, which was at

2   all times adequate and comported with applicable standards of care and law.  Defendants deny

3   that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

4   of the Complaint, including all subparts.

5   84.     Defendants state that this paragraph of the Complaint contains legal contentions to

6   which no response is deemed required.   To the extent a response is deemed required,

7   Defendants state that Bextra® was and is safe and effective when used in accordance with its

8   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9   were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.  Defendants deny

11  any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

12  allegations in this paragraph of the Complaint.

13  85.     Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

18  caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

19  Complaint.

20  86.     Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

25  allegations in this paragraph of the Complaint.

26  87.     Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

95.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

96.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants admit that they provided FDA-approved prescribing information regarding

4    Bextra®.   Defendants deny the remaining allegations in this paragraph of the Complaint,

5    including all subparts.

6    98.    Defendants deny the allegations in this paragraph of the Complaint.

7    99.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants admit that they provided FDA-approved prescribing information regarding

12   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13   100.   Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants admit that they provided FDA-approved prescribing information regarding

18   Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

19   the Complaint.

20   101.   Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

22   same.  Defendants admit that they provided FDA-approved prescribing information regarding

23   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24   102.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26   103.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28   104.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Fourth Cause of Action: Breach of Implied Warranty**

3    105.  Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    106.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

12    paragraph of the Complaint.

13    107.  Defendants admit that they provided FDA-approved prescribing information regarding

14    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

15    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

16    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

17    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

18    prescribing information.  Defendants deny the remaining allegations in this paragraph of the

19    Complaint.

20    108.  Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

22    same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

23    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

24    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

25    the remaining allegations in this paragraph of the Complaint.

26    109.  Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

115.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

116.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information. Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint, including all subparts.

8    118.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information. Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   119.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information. Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

19   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

20   120.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information. Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

27   paragraph of the Complaint.

28   122.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

127.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Sixth Cause of Action: Unjust Enrichment**

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Prayer for Relief**

2     Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

3 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

4 and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

5     **III.**

6     **GENERAL DENIAL**

7     Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

8 Complaint that have not been previously admitted, denied, or explained.

9     **IV.**

10     **AFFIRMATIVE DEFENSES**

11     Defendants reserve the right to rely upon any of the following or additional defenses to

12 claims asserted by Plaintiffs to the extent that such defenses are supported by information

13 developed through discovery or evidence at trial.  Defendants affirmatively show that:

14     **First Defense**

15 1.     The Complaint fails to state a claim upon which relief can be granted.

16     **Second Defense**

17 2.     Bextra® is a prescription medical product.  The federal government has preempted the

18 field of law applicable to the labeling and warning of prescription medical products.

19 Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

20 federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

21 which relief can be granted; such claims, if allowed, would conflict with applicable federal law

22 and violate the Supremacy Clause of the United States Constitution.

23     **Third Defense**

24 3.     At all relevant times, Defendants provided proper warnings, information and

25 instructions for the drug in accordance with generally recognized and prevailing standards in

26 existence at the time.

27     **Fourth Defense**

28 4.     At all relevant times, Defendants' warnings and instructions with respect to the use of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-31-

Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitutions of the States of Michigan, Maryland, South Carolina, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Michigan, Maryland, South Carolina, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

1  (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

2  with applicable law, or conduct that was not directed, or did not proximately cause harm, to

3  Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

4  and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

5  compensatory damages, if any; (5) permits jury consideration of net worth or other financial

6  information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

7  by the trial court in post-verdict review of any punitive damages awards; (7) lacks

8  constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

9  otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific

10 Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,

11 Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State

12 Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

13

14 39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

15 and marketing of Bextra®, if any, used in this case, included adequate warnings and

16 instructions with respect to the product's use in the package insert and other literature, and

17 conformed to the generally recognized, reasonably available, and reliable state of the

18 knowledge at the time the product was marketed.

### Fortieth Defense

19

20 40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

21 manufactured and labeled in accordance with the state-of-the-art industry standards existing at

22 the time of the sale.

### Forty-first Defense

23

24 41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

25 information and belief, such injuries and losses were caused by the actions of persons not

26 having real or apparent authority to take said actions on behalf of Defendants and over whom

27 Defendants had no control and for whom Defendants may not be held accountable.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2                              **Fifty-fifth Defense**

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

6    may apply.

7                              **Fifty-sixth Defense**

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12                             **Fifty-seventh Defense**

13   57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17                             **Fifty-eighth Defense**

18   58.    The product in question was approved as safe and effective by the FDA and the labeling

19   for said product was in compliance with FDA's approval at the time the products left the

20   control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL

21   600.2946(5).

22                             **Fifty-ninth Defense**

23   59.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

24                             **Sixtieth Defense**

25   60.    To the extent Plaintiffs prove that the products in question caused or contributed to any

26   injury they may have suffered, which is denied by these Defendants, these Defendants should

27   not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical

28   information that was reasonably available at the time was known or should have been known by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-40-

1    the Defendants. MCL 600.2948.

2    **Sixty-first Defense**

3    61.     Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

4    claims of liability or damages are limited pursuant to the Michigan Products Liability Act

5    including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

6    MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

7    600.2957 and MCL 600.2959.

8    **Sixty-second Defense**

9    62.     The product alleged to have caused damages may not have been used in the manner and

10    for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

11    purpose and in an unforeseeable manner may have proximately caused or contributed to the

12    alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

13    to MCL 600.2947.

14    **Sixty-third Defense**

15    63.     Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

16    percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

17    parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

18    must be reduced in total or part pursuant to 600.2946(a).

19    **Sixty-fourth Defense**

20    64.     The claims set forth in Plaintiffs' Complaint are barred in that the product in question

21    was provided to a sophisticated user. In this case, the "user" would include any prescribing

22    physician.

23    **Sixty-fifth Defense**

24    65.     Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

25    alleged damages, injuries, and monetary losses.

26    **Sixty-sixth Defense**

27    66.     Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

28    may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

Gordon & Rees, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA  94111

1    within Plaintiffs' control or with full knowledge of Plaintiffs.

2                                **Sixty-seventh Defense**

3    67.    Any claims for punitive damages are barred in that they are not allowable under

4    Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

5    violate Defendants' constitutional rights under the following clauses of the United States

6    Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

7    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

8    and Equal Protection.

9                                **Sixty-eighth Defense**

10   68.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

11   § 15-3-20.

12                                **Sixty-ninth Defense**

13   69.    Defendants reserve the right to supplement their assertion of defenses as they continue

14   with their factual investigation of Plaintiffs' claims.

15                                         **V.**

16                                       **PRAYER**

17   WHEREFORE, Defendants pray for judgment as follows:

18   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

19   2.    That the Complaint be dismissed;

20   3.    That Defendants be awarded their costs for this lawsuit;

21   4.    That the trier of fact determine what percentage of the combined fault or other liability

22         of all persons whose fault or other liability proximately caused Plaintiffs' alleged

23         injuries, losses or damages is attributable to each person;

24   5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

25         than an amount which equals their proportionate share, if any, of the total fault or other

26         liability which proximately caused Plaintiffs' injuries and damages; and

27   6.    That Defendants have such other and further relief as the Court deems appropriate.

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    May 15, 2008                                    GORDON & REES LLP

2

3                                                    By: :_____/s/_____
4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
5                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
6                                                        San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
7                                                        Fax:  (415) 986-8054

8    May 15, 2008                                    TUCKER ELLIS & WEST LLP

9

10                                                   By: :_____/s/_____
                                                         Michael C. Zellers
11                                                       michael.zellers@tuckerellis.com
                                                         515 South Flower Street, Suite 4200
12                                                       Los Angeles, CA  90071-2223
                                                         Telephone:  (213) 430-3400
13                                                       Fax:  (213) 430-3409

14                                                       Attorneys for Defendants
15                                                       PFIZER INC., PHARMACIA
                                                         CORPORATION, AND G.D. SEARLE
16                                                       LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  May 15, 2008                                    GORDON & REES LLP

6

7                                                  By: :_____/s/_____

8                                                       Stuart M. Gordon
                                                        sgordon@gordonrees.com
9                                                       Embarcadero Center West
                                                        275 Battery Street, 20th Floor
10                                                      San Francisco, CA  94111
                                                        Telephone:  (415) 986-5900
11                                                      Fax:  (415) 986-8054

12  May 15, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                 By: :_____/s/_____

15                                                      Michael C. Zellers
                                                        michael.zellers@tuckerellis.com
16                                                      515 South Flower Street, Suite 4200
                                                        Los Angeles, CA 90071-2223
17                                                      Telephone:  (213) 430-3400
                                                        Fax:  (213) 430-3409

18                                                      Attorneys for Defendants
                                                        PFIZER INC., PHARMACIA
19                                                      CORPORATION, AND G.D. SEARLE
                                                        LLC
20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3: 08-cv-1746-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111